# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SOTERO LOPEZ, III,

    Plaintiff,

v.

JP MORGAN CHASE,

    Defendants.

_____/

Case No. 2:24-CV-10990
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S POST-DISMISSAL MOTIONS (ECF Nos. 14, 16, 17)

**I.**  **RECOMMENDATION**: The Court should **DENY** Plaintiff's post-dismissal motions (ECF Nos. 14, 16, 17.)

**II.**  **REPORT:**

    **A.**  **Background**

Plaintiff Sotero Lopez, III, initiated this action on April 15, 2024, *in pro per*, by filing a 227 document which consisted of a 21-page complaint and 206 additional pages of documents.  (ECF No. 1.)  On May 22, 2024, Judge George Caram Steeh ordered Plaintiff to file an amended complaint clarifying the basis for federal jurisdiction.  (ECF No. 12.)  Plaintiff failed to timely comply with the order, and Judge Steeh summarily dismissed the complaint for lack of jurisdiction on June 13, 2024.  (ECF No. 13.)

Seven months later, Plaintiff filed three successive motions, all aiming to erase his case from the court docket in some fashion.  First, on January 17, 2025, Plaintiff filed a motion to "seal dockets and remove public access to case information," in which he cites "concerns about privacy, security, and the potential for misuse of sensitive information."  (ECF No. 14, PageID.13.)  Plaintiff asks that this case be sealed, removed from third party platforms PACER and Justia, and that the Court issue a protective order to prevent further dissemination of information related to this case. (ECF No. 14, PageID.14.)  Next, Plaintiff filed a motion to voluntarily withdraw his complaint pursuant to Fed. R. Civ. P. 41(a).  (ECF No. 16.)  Plaintiff also asks that, after the complaint is withdrawn, the Court "ensure public case databases (GovInfo, PACERMonitor, CaseText, and Justia) reflect this withdrawal in the interest of Plaintiff's privacy."  (ECF No. 16, PageID.275.)  Finally, Plaintiff filed an affidavit, which has been docketed as another motion to seal.  (ECF No. 17.)  In the affidavit, Plaintiff asks that the Court grant his request to voluntarily dismiss the case, order the entire case record to be sealed, and to ensure that all public "case repositories (GovInfo.gov, PACERMonitor, CaseText, and Justia) reflect the withdrawal and sealing of this case in the interest of privacy." (ECF No. 17, PageID.278.)

All three motions have been referred to me.  (ECF Nos. 15, 18.)

2

**B.    Review**

The jurisdiction of a United States Magistrate Judge is determined by 28 U.S.C. § 636. The statute provides that a magistrate judge may be designated to

> hear and determine *any pretrial matter* pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C.§ 636(b)(1)(A) (emphasis added).  A magistrate judge may be designated to hear any motion excepted by § 636(b)(1)(A) but cannot directly rule on the motion and must instead issue proposed findings and recommendations under 28 U.S.C.§ 636(b)(1)(B).  A magistrate judge may also issue a recommendation on certain posttrial motions, but the enumerated motions does not include a posttrial, or post-dismissal, motion to seal.  28 U.S.C.§ 636(b)(1)(B).  Further, a magistrate judge may be assigned "such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C.§ 636(b)(3). Because the pending motions are post-dismissal--not pretrial--motions, I will issue a report and recommendation, rather than an order under 28 U.S.C.§ 636(b)(1)(A).  *See Ossoski v. Carespring Healthcare Holdings, Inc.*, No. 1:15-CV-388, 2020 WL 6334463, at *1 (S.D. Ohio Oct. 29, 2020), *report and recommendation adopted*, No. 1:15-CV-388(WOB-SKB), 2021 WL 4482735 (S.D. Ohio Sept. 30, 2021) (addressing posttrial motion to seal in a report and recommendation).

### C. Discussion

While each titled something slightly different, all three of Plaintiff's motions seek to seal this case, and order third parties to cease any publication or dissemination thereof. The Court should deny all three motions.

Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in the court record." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)); *see also generally, Nixon v. Warner Comms.*, 435 U.S. 589, 597, 98 S.Ct. 1306 (1978). There is a "strong presumption" in favor of open court records. *Shane Grp., Inc.*, 825 F.3d at 305. The party seeking to seal records before the court has the burden of overcoming that presumption and "[t]he burden is a heavier one than for a protective order [as]: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id*. at 305-06 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "Moreover, the burden of 'demonstrat[ing] – *on a document-by-document, line-by-line basis* – that specific information in the court record meets the demanding requirements for a seal' is first borne by the party that seeks it, not by the district court." *Grae v. Corrections Corp. of Am.*, ___ F. 4th ___, 2025 WL 1132413, at *3 (6th Cir. 2025) (quoting *Shane*, 825 F. 3d at 308) (emphasis added).

4

Here, Plaintiff does not overcome the strong presumption against sealing records in civil cases. He requests sealing the case "due to concerns about privacy, security, and the potential for misuse of sensitive information." (ECF No.14, PageID.271) He further states that the risk of harm includes potential for identify theft, fraudulent use of personal details, reputational damage, and "physical security risks if sensitive information is misused." (*Id.*) There is simply not enough information provided to meet Plaintiff's burden. This case has been closed for almost a year, and the documents which are apparently of concern to Plaintiff have been in the public record since that time. Moreover, it is Plaintiff himself who filed the documents in the public record, so this is not a situation where Plaintiff is timely objecting to private information being filed by an adversary. Finally, and most importantly, Plaintiff fails to identify what precisely is private or sensitive in his 227-page, case-initiating document. *See 8Fig, Inc. v. Newsweek Digital, L.L.C.*, ___ F. 4th ___, 2025 WL 1144570, at *4 (5th Cir. 2025) (sealing judicial records is heavily disfavored and must be done on a document-by-document, line-by-line basis). Even if a party can demonstrate a compelling reason for sealing a document, or portions of a document, "the seal itself must be narrowly tailored to serve that reason." *Shane Grp., Inc.*, 825 F.3d at 305 (citing *Press-Enter. Co. v. Superior Court of Cal.*, 464 U.S. 501, 509–11 (1984)). A "brief, perfunctory, and patently inadequate" explanation for the purported need to

5

seal a document will not suffice. *Id.* at 306. It is not the Court's responsibility to comb through his expansive filing to potentially guess at what Plaintiff contends is of concern. It seems to the Court that Plaintiff simply wants to erase any evidence that he initiated a case that was subsequently dismissed. But Plaintiff cannot unring a bell.

A party's fear of embarrassment or harm to reputation, or a fear of a negative impact on future employment, does not provide grounds for sealing a public record. *Ossoski*, 2020 WL 6334463, at *1 (citing *Mann v. Boatright*, 477 F.3d 1140 (10th Cir. 2007); *Zurich American Ins. Co. v. Rite Aid Corp.*, 345 F.Supp.2d 497 (E.D. Pa. 2004); *see also U.S. v. Bon Secours Cottage Health Services*, 665 F.Supp.2d 782, 786 (E.D. Mich. 2008) (holding that fear of retaliation by current or future employers is not sufficient basis to seal record). Put succinctly, "a record may not be sealed 'merely because it could lead to a litigant's embarrassment.'" *8Fig*, 2025 WL 1144570 at *4 (internal citations omitted). *See also Kamakana v. City of Honolulu*, 447 F. 3d 1172, 1179 (9th Cir. 2006). In a case of civil litigation, only information covered by a recognized privilege (attorney-client), information required by statute, and trade secrets are typically found to be enough to overcome the presumption of access. *Rudd Equipment Co., Inc., v. John Deere Construction & Forestry Co.*, 834 F.3d 589 (6th Cir. 2017). *See also Grae*, ___ F. 4h ___, 2025 WL 1132413 at *3. Thus, the Court should deny Plaintiff's

6

requests to seal his court records, and the attendant request to somehow direct third parties to prevent their dissemination, which the Court is likely without authority to order in any event.

Finally, Plaintiff's second and third motions also seek to "voluntarily withdraw" this case as he contends the parties have reached an amicable resolution and no longer require judicial intervention into their dispute. (ECF No.16, pageID.274; ECF No. 17, PageID.278.) Plaintiff "invokes" Fed. R. Civ. P. 41(a)(1)(A)(i) which allows a plaintiff to dismiss a case before the opposing party has answered. However, this case was already summarily dismissed by Judge Steeh on June 13, 2024, for lack of jurisdiction. (ECF No. 13, PageID.267.) It goes without saying that the Court cannot grant a motion to withdraw, or voluntarily dismiss, a case that has already been dismissed. Furthermore, the Court is not in the business of scouring and removing data from GovInfo.gov, PACERMonitor, CaseText, and Justia. When Plaintiff chose to file a lawsuit, he placed himself at risk that the information would be picked up by various legal databases, as courthouses and court records are, with few and narrow exceptions, an inherently public space. As such, "Plaintiff is trying to slam the door of the barn after the horses are long gone." *Chem-Trend v. McCarthy*, 780 F. Supp. 458, 462 (E.D. Mich. 1991). The Court should deny Plaintiff's motion filed under Rule 41 (ECF No. 16.)

7

### D. Conclusion

The Court should **DENY** Plaintiff's post-dismissal motions (ECF Nos. 14, 16, 17.)

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 28, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE