UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SOTERO LOPEZ, III,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE et al.,<br>　　　　　　　　　Defendants. | Case No. 24-10990<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 19)**

　　　Plaintiff Sotero Lopez, III ("Lopez"), proceeding *pro se*, initiated this case against defendants JP Morgan Chase, Rhonda Nixon, and the Michigan Unemployment Insurance Agency. ECF No. 1. After reviewing Lopez's pleadings, the Court ordered Lopez to file an amended complaint that complies with Federal Rule of Civil Procedure 8, clarifies the basis of diversity jurisdiction by providing the state of citizenship for defendant Rhonda Nixon, provides the basis for federal question jurisdiction, and clarifies plaintiff's identity.[1] ECF No. 12. Lopez did not file an amended complaint, and the Court dismissed his case. ECF No. 13.

---

[1] This case was reassigned from the Honorable George Caram Steeh to the undersigned on April 28, 2025 pursuant to E. D. Mich. LR 83.11.

Seven months later, Lopez filed three post-dismissal motions: (1) motion to "seal dockets and remove public access to case information", ECF No. 14; (2) motion to voluntarily withdraw case, ECF No. 16; and (3) affidavit in support of voluntary dismissal and motion to seal, ECF No. 17, which was docketed as a second motion to seal. All three motions were referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(4). ECF Nos. 15, 18. The magistrate judge issued a Report and Recommendation ("R&R") recommending that the Court deny Lopez's post-dismissal motions because he has not met his burden to overcome the presumption of access to have his case sealed, and the Court cannot grant a motion to withdraw or dismiss a case that has already been dismissed. ECF No. 19.

Lopez did not file an objection to the R&R, and the time to do so has expired. *See* Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right for further judicial review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusion, under a *de novo* or any other standard, when neither party objects to those findings"); *Smith v. Detroit Fed'n of Teachers*, 829

F.2d 1370, 1373–74 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the part of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. *See* Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error and finds none.

Accordingly, the Court **ADOPTS** the R&R (ECF No. 19) and **DENIES** Lopez's motions (ECF Nos. 14, 16, 17).

**IT IS SO ORDERED.**

Dated: July 17, 2025

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge